Reed, J.,
delivered the opinion of the court.
We think the court erred in sustaining the motion for non-suit and dismissing the suit. Defendants admit the contract and all the material allegations of the complaint, and affirmatively allege as a defense, and the only one, that plaintiff “ has failed and refused to keep or perform the terms and conditions of said agreement upon his part, and because he abandoned and forfeited the same long before any mineral was extracted or sold from either of the mining claims,” etc.
I fail to understand how this allegation presents any defense or denies the right to recover under the contract.' The covenant in the contract is to contribute fifty cents daily “ until the shaft now sinking * * * shall reach the contact between the short lime and the black shale, say a depth of 600 feet more or less.” The contract was in no way dependent upon the striking, extracting or sale of mineral, nor had plaintiff agreed to continue contributing until such result was reached. There could have been complete performance if no paying ore body had ever been found. There was no allegation of abandonment or forfeiture within the terms of the contract.
The court held that in order to entitle plaintiff to recover, he must have shown that there had been no abandonment or forfeiture. The abandonment .and forfeiture, as pleaded in this case, must, according to all rules of practice, have been established by the defendants affirmatively, otherwise the lights of the plaintiff stood confessed. To require the plaintiff to prove a negative, and show that'he had not forfeited or abandoned, or be subject to a nonsuit, was error, for which, if for no other reason, the judgment must be reversed.
The action was brought upon the contract, which only involved one one-hundredth interest in the property.
From the 9th of November, 1887, until June, 1889, for eighteen or nineteen months, the work of sinking had been prosecuted and the payments made by the plaintiff and his *294 assignor, Gould. During nearly all that time mutual dealings were had between plaintiff and Wheeler, the manager. The receipts put in evidence showed, in many instances, plaintiff had anticipated his payments and made them in advance, and at the last monthly settlement, made in June, 1889, for the month preceding, it was found that, by reason of advances made, Wheeler was indebted to the plaintiff in the sum of $17.00. The assessment for the month of May could not, under the contract, have exceeded $15.50, which was exceeded by the amount due the plaintiff from Wheeler. The evidence did not show that plaintiff had authorized the application of that balance, or any part of it, to the payment of any other claim, or as an assessment upon any other interest. The contract only embraced an interest of one one-hundredth, and that contract was sought to be enforced. The court could not, upon such hearing, settle any other equities or accounts existing between the parties, and apply a portion of the money in the hands of Wheeler to some other indebtedness, so as to establish a default and forfeiture for the paltry sum of $7.00, as claimed by Wheeler, after having collected and used near $800.00 from plaintiff and Gould in prosecuting the enterprise. The suit was in equity, and courts, in such cases, do not look complacently, under such circumstances, upon what might be a technical forfeiture at law, but clearly inequitable in a case of this kind.
If this is not the correct view, the court erred in dismissing the suit without decreeing to the plaintiff repayment of all the money put in by Gould and plaintiff. The very clause of the contract relied upon to sustain the forfeiture also provides that when the shaft was sunk to pay material, that the party should he repaid all money contributed. It was shown by the plaintiff’s evidence that paying material was reached a little more than a month after the pretended or supposed forfeiture, and long before the bringing of this suit. No rule is better settled than that a party claiming equity must do equity. It follows that the decree must be reversed and the cause remanded.

Reversed.